FILED VIA MAIL

MAR 1 8 2014

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

William Roger Parsons                     Case No. 6:14-bk-00557-CCJ
152 Martesia Way                          Chapter 13
Indian Harbor Beach, FL   32937

Karen Lee Parsons
aka Carrie Lee Parsons
152 Martesia Way
Indian Harbor Beach, FL   32937

     Debtors.

Eloise K. Hahn, Trustee of Eloise K. Hahn Living Trust and Successors
dba Managing Member of Burke Financial LLC
Member of Win Par Hospitality Laredo LLC

     Plaintiff,

     vs.

William Roger Parsons
dba General Partner of Win Par Hospitality LLLP
Tax Managing Member and President of Win Par Hospitality Laredo LLC
3550 N. Atlantic Av
Cocoa Beach, FL   32931

EIN:  20-3467186

     Defendant.

ADVERSARY PROCEEDING COMPLAINT
OBJECTION TO THE DISCHARGE OF DEBT TO ELOISE K. HAHN

NOW COMES the Plaintiff, Eloise K. Hahn, dba Burke Financial LLC

and Member of Win Par Hospitality Laredo LLC, pro se and for her cause of

action states as follows:

COUNT 1

1.     That the defendant, William Roger Parsons (Parsons) was a general partner and managing member of Win Par Hospitality LLLP and Win Par Hospitality Laredo LLC, resp., for the period of 2005 through 2009.

2.     That the defendant, Parsons, failed to disclosed his former partnership affliations to the entities, Win Par Hospitality LLLP and Win Par Hospitality Laredo LLC,  in his response to question 18 of the chapter 13 bankruptcy petition and has violated Section 523(a)(2) or (4) of the bankruptcy code and is precluded from the discharge protection under Section 524 of the bankruptcy code.

3.     That the defendant, Parsons, willfully failed to disclose his partnership interests in Win Par Hospitality  LLLP and Win Par Hospitality Laredo LLC in efforts to conceal the $250,000 partnership debt due and owing to Hahn in lieu of a consumer debt Parsons alleges he acquired with his wife, aka Carrie Ann Parsons.

COUNT II

1.     That the contents of paragraphs 1 through 3 of Count 1 are incorporated herein and made a part hereof.

2.     That Parsons executed a settlement agreement with Hahn in April of 2008, promising to list the business property of the LLC, namely lots 11, 12, and 13, Jacaman Ranch, Block 8, Unit 2, Webb County, Laredo, Texas, for a list price of $1,300,000 and pay Hahn $250,000 of the sale proceeds, including 18.2 percent

of the profits exceeding $1,300,000.  A copy of the settlement agreement will be provided at the pretrial hearing.

3.    That Parsons and the other former member of Win Par Hospitality Laredo LLC, namely Thomas A. Minor (Minor) purchased lots 11 and 12 from Win Par Hospitality Laredo LLC on or about May 31, 2007, and failed to notify Hahn of the purchase and write Hahn an escrow check for $149,000,  in violation of the operating agreement for Win Par Hospitality Laredo LLC.  A copy of the cash warranty deeds for lots 11 and 12, including a copy of the operating agreement will be provided at the pretrial hearing.

4.    That Parsons and Minor failed to disclose their lot purchases to Hahn at the time the settlement agreement was executed in April of 2008.

5.    That Parsons and Minor failed to disclose to Hahn that they were in financial difficulty at the time they executed the settlement with her in April of 2008.  For the most part, Minor advised Hahn that Laredo National Bank was satisfied with the LLC's intention to either sell the lots or construct and develop a hotel on the LLC lots.

6.    That Win Par Hospitality Laredo LLC had retained Hahn's remaining capital of $71,700 in year 2008.

7.    That Parsons and Minor entered into a loan extension agreement with Compass Bank, successor trustee of Laredo National Bank on or about May of 2008, agreeing to pay the remaining $67,000

mortgage balance by May of 2009.  A copy of the loan extension agreement will be provided at the pretrial hearing.

8.    That Parsons negligently failed to pay off the loan balance for $67,000 in May of 2008 with Hahn's remaining LLC capital of $71,700.  Instead he elected to pay off notes of the LLC which were not due and owing until year 2020 or thereafter and retain $56,000 of earnings for the LLC.

9.    That after May of 2008, Parsons and Minor failed to make timely mortgage payments for the mortgage of $67,000 to Compass Bank due to the uncertainty of the market value of the lots.

10.    That the listing agent, Lula Morales, was instructed to take the lots off the listing prior to the lot listing expiration date of August 27, 2008, since Parsons and Minor elected to sell the lots in a foreclosure sale for more money than the listing.

11.    That Parsons and Minor failed to file personal bankruptcies in year 2008, including Parsons failure to file a bankruptcy for the LLC as insolvent since none of the parties and/or entities were insolvent at the time of the foreclosure sale on February 3, 2009.

12.    That Parsons and Minor did so willfully.

13.    That Parsons and Minors' negligence to make final payment to Compass Bank in the amount of $67,000 was fraudulent.  The equity of the lots far surpassed the mortgage debt

of $67,000.

14    That Parsons elected to pay off notes of the LLC which were not due and owing in year 2008 and retain earnings for the LLC in the amount of $56,000 so that Minor and Parsons could receive additional capital distributions in the amount of $16,000 and $40,000 , resp.  Hahn was not notified of the transfers from Parsons.

15.    Parsons and Minor could not file for bankruptcy protection in years 2008 and 2009 due to the equity they acquired from the lot transfers and monetary proceeds they received from the lot sales in excess of $2,000,000.on February 3, 2009.  Further, Parsons used Hahn's remaining capital of $71,700 to pay off all the remaining debts of the LLC in year 2008, at Hahn's expense. Parsons did not notify Hahn of the transfer in year 2008.

COUNT III

1.    That the contents of paragraphs 1 through 3 of Count 1 and the contents of paragraphs 1 through 15 of Count II are incorporated herein and made a part hereof.

2.    That Parsons and  Minor failed to notify Hahn of the foreclosure notice they received from Compass Bank in January of 2009 in efforts to conceal their fraudulent conduct in transferring the LLC lot titles to their exclusive joint names, namely for lots 11 and 12..

3.    That Parsons and Minor failed to exercise payment for the remaining balance due amount of $67,000 from Hahn's remaining

LLC capital of $71,700 in year 2008.

4.    That Parsons  fraudulently concealed the financial records

of the LLC from Hahn until Hahn filed another complaint in Brevard

County,

Florida in year 2012.

5.    That Parsons did so willfully to conceal losses and gains

he acquired solely for tax years 2005 through 2008 from the LLC,

including concealment of his purchase of the LLC lots with Minor in

May of 2007 whereby Hahn was robbed of her capital contribution

of $149,000.

6.    That Parsons and Minor executed a promissary

note to Hahn on September 17, 2009, promising to pay Hahn $250,000

on a best efforts basis.  A copy of the promissary note will be provided

at the pretrial hearing.

7.    That Parsons and Minor have willfully failed to remit to Hahn

the $250,000, as outlined in the promissary note to date.

COUNT IV

1.    That the contents of paragraphs 1 through 3 of Count 1,

the contents of paragraphs 1 through 15 of Count II, and the contents of

paragraphs 1 through 7 of Count III are incorporated herein and made

part hereof.

2.    That Parsons dissolved the entity, Win Par Hospitality

Laredo LLC, on September 25, 2009, without disclosing the dissolution

to Hahn in violation of the operating agreement.

3.     That Parsons did so willfully.

4.     At the time of the LLC dissolution, there was no outstanding involuntary petition against the LLC for insolvency, even though Hahn had not been paid her $250,000 partnership capital.

5.     Parsons did so willfully.

6.     That Minor subsequently filed a chapter 7 bankruptcy proceeding on January 10, 2010, in the Eastern District, Richmond Division bankruptcy court but failed to include the debt to Hahn on his chapter7 petition, including his prior partnership membership with Win ParHospitality Laredo LLC for the period 2005 through 2009 in response to question 18 of the chapter 7 petition.

7.     That Minor did not disclose his prior LLC partnership interest  with the entity, Win Par Hospitality Laredo LLC, on his chapter 7 petition and has violated Section 523 (a)(2) or (4) and is precluded from the bankruptcy protection under Section 524 of the bankruptcy code.

8.     That Parsons and Minor did so willfully.

9.     That Minor failed to notify Hahn of his bankruptcy for the period of January 10, 2010 through August 12, 2013, nor list Hahn, Burke Financial LLC, or Win Par Hospitality Laredo LLC on his chapter 7 petition.

COUNT V

1.     That the contents of paragraphs 1 through 3 of Count 1, the contents of paragraphs 1 through 15 of Count II, the contents of

paragraphs 1 through 7 of Count III, and the the contents of
paragraphs 1 through 9 of Count IV are incorporated herein and
made a part hereof.

2.      That both Minor and Parsons ' chapter 7 and 13
bankruptcies, resp., are personal consumer debt bankruptcies
acquired with their spouses.  Minor fraudulently listed his wife
as a joint party to the $743,000 mortgage loan with Laredo National
Bank instead of listing Parsons as a co-debtor to a $67,000
mortgage note with Compass Bank, successor mortgagor
of Laredo National Bank.

3.      That Minor committed perjury on his chapter 7
petition when he disclosed his spouse as a joint debtor to the
mortgage debt he listed with Laredo National Bank in the amount
of $743,000, including his fraudulent disclosure of the mortgage
debt amount which was only $67,000 not $743,000.

3.      That Minor and Parsons' spouses were not members
of Win Par Hospitality Laredo LLC, nor did they execute a settlement
agreement or a promissary note with Hahn.

4.      That Parson has committed perjury in that he has
disclosed his spouse as a joint debtor to the debt due
and owing to Hahn in the amount of $250,000, instead of Minor who
is a co-debtor to the promissary note.

5.      They have done so willfully.

6.      That Minor committed perjury when he listed Laredo

National Bank as a creditor in lieu of Compass Bank, including

his fraudulent disclosure of the amount due and owing to Laredo

National Bank of $743,000 instead of $67,000.

7.    That both Minor and Parsons jointly owed $67,000

to Compass Bank in 2008 and/or 2009 attributing to the foreclosure

sale on February 3, 2009.

8.    That both Minor and Parsons received the net sale

proceeds from Compass Bank on February 3, 2009 in the

amount of $2,406,000 minus 5% for trustee fees -$67,000 for

the outstanding mortgage debt - attorney fees.

9.    That both Minor and Parsons unjustly were enriched

when they acquired Hahn's capital of $220,7000 and defaulted in

repayment of the debt to Hahn.

10.    That Minor willfully disclosed all three lots being

foreclosed  for $743,000 instead of $67,000 in year 2009.

11.    That Minor received lump sum capital distributions

of $130,000 in year 2006 from the LLC,  including additional amounts

in 2007 and 2008.  Hahn was not notified of the transfers.  Instead

Minor threatened to sue Hahn if she would not deposit her life savings

of $220,700 to the LLC bank account in year 2006.

12.    Minor received these monetary distributions from

the LLC but failed to use his capital when he purchased lot 13

from a private party in May of 2007.  Instead Parsons and Minor

used the cash collaterol of lots 11 and 12 for the down payment of

$245,000 to purchase lot 13

 13. Parsons and Minor jointly used Hahn's capital of $149,000 plus $71,700 to pay off mortgages and notes incurred by the LLC in 2007 and 2008 .

 14. Minor reported losses on his respective tax returns for years 2008 and 2009 alleging he incurred a loss of $165,000 and $743,000, respectively

 15. That Parsons and Minor did not incur any losses since they used Hahn's capital of $220,7000 to purchase lots 11 and 12 from the LLC and pay of remaining notes and debts of the LLC in the amount of $71,700.

 16. That Hahn has incurred a loss of $250,501 plus 4.75% interest effective January 24, 2014.

 17. That Minor and Parsons purchased lot 13 in May of 2007 at a purchase price of $988,000.

 18. That Parsons and Minor used the entire cash equity of lots 11 and 12 as collaterol for the down payment to purchase lot 13.

 19. That Parsons and Minor obtained a mortgage for lot 13 in the amount of $743,000 from Laredo National Bank. Parsons and Minor paid off this note in the amount of $676,000 by May of 2008.  The remaining balance was $67,000 for lot 13.

 20. That Parsons and Minor extended financing for the $67,000 outstanding balance until May of 2009 even though

Parsons had possession of Hahn's remaining capital of $71,700
to make final payment for the outstanding mortgage balance of
$67,000 for lot 13.

21.     That Parsons and Minor removed the lots from their
listing prior to the listing expiration date of August 27, 2008, instead
of reducing the listing price to less than $1,300,000.

22.     That Parsons and Minor negotiated a foreclosure
sale with the successor trustee, Claudia Garcia, on February 3, 2009.

23.     That Minor alleges the three lots sold for $802,000
instead of $802,000 per lot..

24.     That Minor alleges the outstanding mortgage debt
of the three lots was $743,000 instead of $67,000.  A copy
of the loan extension agreement and warranty deed(s) for the
multiple sale transactions will be provided at the pretrial hearing.
Apparently an oustanding loan balance of $67,000 remained
unpaid with the suuccessor lender, Compass Bank.  U.S. Title
records document each lot being sold for $802,000 on
February 3, 2009, specifically multiple sale transactions not
one sale transaction.

25.     That the foreclosure auction included two tracts
of land for auction, being tract 1 consisting of lot 13, Block 8,
Jacaman Ranch, Unit 2, Webb County, Laredo, Texas and
tract 2 consisting of lots 11 and 12, Block 8, Jacaman Ranch,
Unit 2, Webb County, Laredo, Texas.  The note allowed the

lender to sell the lots in one tract or multiple tracts.  U.S. Title

records document a multiple sale transaction where each

lot was sold for $802,000 on February 3, 2009.  In year

2006 lot 13 was appraised by Integra Realty at $398,000.

The report lists lots 11 and 12 being purchased in year

2005 for $410,000.  In year 2007, Parsons and Minor,

purchased lot 13 from a private party for $988,000.

Parsons and Minor used the cash collaterol of lots 11

12 in the amount of $245,000 for the down payment

and received a $743,000 note for the remaining purchase.

In year 2008 lots 11, 12, and 13 were listed for $1,300,000.

Parsons and Minor removed the lots from the listing since

they could receive more money for the lots in a foreclosure sale,

especially since all three lots were for the most part paid for.

Compass Bank purchased the three lots for $802,000 each

which was considerably less than the purchase price for

lot 13 in year 2007 but considerably alot more than the purchase

price Parsons paid for lots 11 and 12 in year 2005 in the amount

of $410,000.

26.    That U.S. Title search records document each

lot being sold for $802,000 on February 3, 2009.

27.    That Minor alleges all three lots sold for $802,000.

28.    That Parsons and Minor received no less

than $802,000 -$67,000 - trustee fees -attorney fees and there

was enough of money to pay Hahn her capital contribution

of $250,000 at that time, especially since the other two lots

were also sold for $802,000 each.

    29.    That Parsons and Minor did so willfully.

COUNT VI

    1.    That the contents of paragraphs 1 through 3 of

Count 1, the contents of paragraphs 1 through 15 of Count II,

the contents of paragraphs 1 through 7 of Count III,  the

contents of paragraphs 1 through 9 of Count IV, and the contents

of paragraphs 1 through 29 of Count V are incorporated herein and

made a part hereof.

    2.    That Parsons deposited $10,000 of the LLC's

monetary funds with Alliance Development Group (ADG) in year 2007.

    3.    That Parsons and Minor conveyed the $10,000 of

monetary funds to ADG in efforts to secure a hospitality lease with

a hotel ADG planned to construct and develop for them.

    4.    That Parsons chapter 13 petition includes notice to

Alliance Receivables Management in Southeastern, Pennsylvania.

No monetary amount is disclosed on his petition.

    5.    That Parsons is employed with a foreign LLC entity

in the State of Pennsylvania.  Parsons has not disclosed his business

wages with this entity on his chapter 13 bankruptcy petition in response to

Schedule I of his petition, at least for year 2013.

    6.    That Parsons has disclosed in Schedule I of his

chapter 13 petition business earnings for years 2010, 2011, and 2012

7.      That Parsons committed perjury on his chapter 13 petition when he disclosed he discontinued working for Space Coast Hospitality Management Service in year 2010, as evidenced by the email Hahn received from Parsons in year 2011.

8.      That Parsons business earnings for year 2013 have NOT been included in the chapter 13 debt payment plan to Hahn, which is a partnership debt and not an unsecured consumer debt.

9.      That Parsons business earnings should be used in a debt payment plan to Hahn in the amount of $250,000.

## COUNT VII

1.      That the contents of paragraphs 1 through 3 of Count I, the contents of paragraphs 1 through 15 of Count II, the contents of paragraphs 1 through 7 of Count III, the contents of paragraphs 1 through 9 of Count IV,  the contents of paragraphs 1 through 29 of Count V, and the contents of paragraphs 1 through 9 of Count VI are incorporated herein and made a part hereof.

2.      That Parsons has included a co-debtor, namely Mike Mishler, for a debt due and owing to Sunrise Bank in the amount of $103,000.

3.      That Parsons has failed to list Minor as a co-debtor to the debt due and owing to Hahn in the amount of $250,000.

4.      That Parsons has disclosed a lawsuit filed by Mike Mishler against Parsons on his chapter 13 petition.  Apparently, Parsons owes

Mishler over $50,000 for the Sunrise Bank debt of $103,000.

5.    That Parsons apparently has retained a partnership interest to the 121 Wakulla Suite hotel located at 3550 N. Atlantic Av, Cocoa Beach, FL 32931

6.    That Mike Mishler has listed the 121 suite hotel's market value at $3,000,000 dollars.

7.    That Hahn recalls Parsons ownership disclosure to the 121 Wakulla Suite hotel at 33%, specifically Parsons financial statement to Laredo National Bank in year 2005.

8.    That Parsons was receiving unemployment funds in years 2010, 2011 and 2012, while he was working and earning $90,000 per year.

9.    That Parsons spouse, aka Carrie Lee, owns and operates a coffee and tea company in Florida located at 3550 N. Atlantic Av, Cocoa Beach, FL  32931.

10.    That Parsons spouse, aka Carrie Lee, owns and operates another coffee and tea company in Michigan located at 407 N. State St., Big Rapids, MI.

COUNT VIII

1.    That the contents of paragraphs 1 through 3 of Count I, the contents of paragraphs 1 through 15 of Count II, the contents of paragraphs1 through 7 of Count III, the contents of paragraphs 1 through 9 of Count IV, the contents of paragraphs 1 through 29 of Count V, the contents of paragraphs 1 through 9 of Count VI, and the contents of

paragraphs 1 through 10 of Count VII are incorporated herein and made a part hereof.

2.    That Hahn has suffered emotional and physical distress from the loss of her life savings in the amount of $250,000.

3.    That Parsons and Minor purchased lots 11 and 12 from the LLC and used Hahn's capital to pay off the first mortgage of the lots in the amount of $149,000 instead of notifying Hahn that they had intentions to purchase the lots from the LLC and write her a check for $149,000 and hold the check in escrow for her in accordance with the LLC operating agreement.

4.    That Parsons and Minor did so willfully.

5.    That Hahn has encountered considerable financial distress from the loss of her life savings in the amount of $250,000, specifically since Parsons and Minor have covered up a BIG MISTAKE for numerous years and have carefully concealed the mistake in efforts to defraud Hahn out of her $250,000 capital contribution.

6.    That Minor alleges he sold all three lots to Compass Bank for $802,000 in a single foreclosure sale transaction. Minor alleges the outstanding loan balance was $743,000 instead of $802,000 per lot minus a $67,000 loan balance. County records document two tracts of land being auctioned and three lots being sold in multiple sale transactions for $802,000 per lot. The loan balance is given at $67,000 contrary to any of Minor's oral arguments. Parsons and Minor have concealed this information from Hahn for

over five years in order to conceal the BIG MISTAKE with respect
to the lot sales.

7.    That Parsons and Minor paid $676,000 towards
the mortgage note for $743,000.  Apparently they have elected
to conceal the other two lot sale transactions in efforts to defraud
Hahn.

8.    That Parsons and Minor used $149,000 of Hahn's
capital to pay off the first mortgage note for lots 11 and 12 in the
amount of $328,000.

9.    That Parsons and Minor are attempting to defraud
Hahn of her capital contribution to the LLC by carefully concealing
all sale proceeds they acquired from the foreclosure sale, specifically
Minor alleges an outstanding note balance of $743,000 contrary
to the county records which document $67,000 as the outstanding
note balance.  Apparently Parsons and Minor are concealing
alot of information to Hahn so that they do not need to pay Hahn
back her capital contribution of $250,000 as agreed.

10.    That Parsons and Minor have received all of
their LLC monetary contributions at Hahn's expense.

11.    That Minor received all his contributions from the
LLC in years 2006 and 2007 in excess of $165,000 after
Parsons received Hahn's capital contribution of $220,700
in year 2006.

12.    That Parsons has received all his capital contributions

from the LLC at Hahn's expense.

      13.     That Parsons used an unknown source of capital to pay someone $75,000 for a finder's fee in year 2005.

      14.     That Parsons issued payment in the amount of $10,000 to Alliance Development Group in year 2007 in efforts to construct a hotel he could lease out from them with Minor.

      15.     That Parsons and Minor may have reinvested their capital distributions from the LLC and lot sales to lease out a hotel from ADG in Northern Virginia or Pennsylvania.

      16.     That all other parties received their capital contributions from the LLC at hahn's expense.

      17.     That Laredo National Bank and Compass Bank have received full payment from the LLC notes and lot notes.

      18.     That Parsons owes Hahn $250,501 at this time.

      19.     That a partnership interest is not worthless

      20.     That Parsons may be concealing additional proceeds he received in the lot sale transactions in the amount of $1,604,000, specifically U.S. Title Search documents a multiple sale transaction for lots 11, 12, and 13 each in the amount of $802,000 on February 3, 2009.

      21.     That Hahn may sue Parsons for punitive damages if immediate restitution of this matter cannot be made, including reimbursement of the adversary proceeding filing fee for $293.00 and a $57.00 reproduction fee from Webb County for land records

pertaining to this proceeding, including postage, duplication fees, and supplies necessitated in preparation of this complaint, punitive damages for physical and emotional distress from ongoing litigation, attorney fees, and travel expenditures in prosecuting this matter in the bankruptcy court.

COUNT IX

1.    That the contents of paragraphs 1 through 3 of Count i, the contents of paragraphs 1 through 15 of Count II, the contents of paragraphs 1 through 7 of Count III, the contents of paragraphs 1 through 9 of Count IV, the contents of paragraphs 1 through 29 of Count V, the contents of paragraphs 1 through 9 of Count VI, the contents of paragraphs 1 through 10 of Count VII, and the contents of paragraphs 1 through 20 of Count VIII are incorporated herein and made a part hereof.

2.    That Hahn is the sole manager of Burke Financial LLC.

3.    That Burke Financial LLC is inactive at this time.

4.    That Burke Financial LLC was a foreign entity in the State of Illinois.

5.    That Burke Financial LLC is no longer registered with the State of Illinois as a foreign entity, nor is Burke registered in any other state of the United States and abroad as a foreign entity.

6.    That Burke Financial LLC was incorporated in the State of Nevada in year 1998.

7.    That Hahn conveyed 100% of her interest in Burke Financial LLC to her living trust , as shown in Exhibit K.

8.    That Hahn is allowed to convey her  LLC interests with Burke to her living trust in accordance with the code.

9.    That Hahn's capital contribution to Win Par Hospitality Laredo LLC in the amount of $220,700 was funded from Hahn's former living trust account with Stifel Nicholas.

10.    That Hahn no longer has a brokerage account nor savings account due to her debt expenditures for repairs to her home, including property tax and insurance expenditures necessitated by law.

11.    That Hahn is allowed to represent herself pro se in accordance with bankruptcy law.

12.    That Hahn is not able to retain counsel at this time unless she finds an attorney who will represent her on a contingency basis.

13.    That Sverbilow has advised Hahn he cannot represent her if she isn't able to collect the debt due and owing to her by Parsons and Minor due to bankruptcy.

14.    That Roy Terry of Sands Anderson is unable to represent Hahn on a contingency basis.  Accordingly Hahn may not be able to retain him for the Virginia trial as well.

CLAIM FOR RELIEF

1.      Hahn requests IMMEDIATE restitution of this matter from Parsons in order to refrain from expensive trial proceedings for collection.

2.      That Hahn requests Parsons immediate action to submit a revised business debt repayment plan to her in the amount of $250,000, which includes Parsons business earnings and not his unemployment, social security earnings, and spousal earnings for repayment of the business debt to Hahn in the amount of $250,000.

3.      That Parsons and his spouse liquidate their business assets at this time to repay the partnership debt to Hahn in the amount of $250,000 plus 18.2 percent of any additional proceeds Parsons and Minor received in the  multiple lot sale transactions from Compass Bank on February 3, 2009.

WHEREFORE, the Plaintiff, Hahn, respectfully prays that the discharge of debt to her in the amount of $250,000 be DENIED due to fraud and violation of Section 523(a)(2) or (4) of the bankruptcy code which precludes Parsons from the bankruptcy discharge protection under Section 524.

Respectfully submitted,

Eloise K. Hahn, Trustee of the
Eloise K. Hahn Living Trust
Managing Member of Burke Financial LLC
Member of Win Par Hospitality Laredo LLC
313 East 1300 North
Chesterton, IN   46304
(219) 617-5496
(219) 413-2353
eloisehahn349@gmail.com

CERTIFICATE OF SERVICE

I, Eloise K. Hahn, hereby certify that a true and correct copy of

the foregoing adversary proceeding complaint and summons,

including a remittance check for a  filing  fee in the amount of

$293.00 was forwarded to the following party on March 17, 2014,

via USPS overnight mail with return receipt, being:

> George C. Young Federal Courthouse
> United States Bankruptcy Court
> Attn:  Mary Henry / clerk of the court
> 400 West Washington Street
> Suite 5100
> Orlando, FL   32801

Date:  March 17, 2014        *Eloise K. Hahn*

I, Eloise K. Hahn, hereby certify that a copy of the foregoing

adversary complaint was forwarded to the following parties on

March 17, 2014, via USPS certified mail return receipt requested

being:

> Carole Suzanne Bess
> 101 N. Plumosa Street
> Merritt Island, FL   32953
> Counsel for the Debtors.
> (a notice of pre-trial hearing and summons will follow)

> William R. Parsons, Debtor
> 152 Martesia Way
> Indian Harbor Beach, FL  32937

Date:  March 17, 2014        *Eloise K. Hahn*

I, Eloise K. Hahn, hereby certify that a copy of the foregoing

complaint was forwarded to the following party on March 17, 2014,

via USPS mail, being:

> Laurie K. Weatherford
> P.O. Box 3450
> Winter Park, FL  32790

Date:  March 17, 2014

I, Eloise K. Hahn, hereby certify that a copy of the foregoing

adversary proceeding complaint and summons was sent to the

following party via USPS priority mail on March 10, 2014,

being:

> George C. Young Federal Courthouse
> Attn:  Lee Ann Bennett, Clerk of the Court
> 400 West Washington Street
> Suite 5100
> Orlando, FL  32801
> USPS Tracking No. 9114901075742913880216

I, Eloise K. Hahn, hereby certify that a copy of the foregoing

adversary proceeding complaint was sent to the following parties

via USPS priority mail on March 10, 2014, being:

> Carol S. Bess
> Law Office of Carole Suzanne Bess
> 101 B  North Plumosa Street
> Merritt Island, FL   32953
> USPS Tracking No. 9114901075742913880223

> Laurie K. Weatherford
> Post Office Box 3450
> Winter Park, FL   32790
> USPS Tracking No. 9114901075742913880193

> William Roger Parsons
> 152 Martesia Way
> Indian Harbor Beach, FL   32937
> USPS Tracking No. 9114901075742913880216

Date:  March 17, 2014