UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

William Roger Parsons
152 Martesia Way
Indian Harbor Beach, FL   32937

Karen Lee Parsons
aka Carrie Lee Parsons
152 Martesia Way
Indian Harbor Beach, FL   32937

   Debtors.

Case No. 6:14-bk-00557-CCJ
Chapter 13

**FILED VIA MAIL**

JUN 3 0 2014

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

Eloise K. Hahn, Trustee of Eloise K. Hahn Living Trust and Successors
dba Managing Member of Burke Financial LLC
Member of Win Par Hospitality Laredo LLC

   Plaintiff,

   vs.

William Roger Parsons
dba General Partner of Win Par Hospitality LLLP
Managing Member of Win Par Hospitality Laredo LLC
3550 N. Atlantic Av
Cocoa Beach, FL   32931

EIN:  20-3467186

   Defendant.

MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS
ADVERSARY PROCEEDING COMPLAINT OBJECTION TO
THE DISCHARGE OF DEBT TO ELOISE K. HAHN DUE TO
FRAUD, PURSUANT to SECTION 523(a)(2), (a)(3), and (a)(4)
   (Document No. 36),
ADVERSARY PROCEEDING COMPLAINT AMENDED

NOW COMES the Plaintiff, Eloise K. Hahn, Trustee and beneficiary

of the Eloise K.Hahn Living Trust dba Burke Financial LLC and Member of

Win Par Hospitality Laredo LLC, pro se and for her cause of

action to strike defendant's motion to dismiss her adversary proceeding

complaint states to wit:

## COUNT 1

1.      That the defendant, William Roger Parsons (Parsons)

was a general partner and managing member of Win Par Hospitality

LLLP and Win Par Hospitality Laredo LLC, resp., for the period of 2005

through 2009.

2.      That the defendant, Parsons, failed to disclosed his

former partnership affliations to the entitities, Win Par Hospitality

LLLP and Win Par Hospitality Laredo LLC,  in his response to

question 18 of the chapter 13 bankruptcy petition and has violated

Section 523(a)(2) or (4) of the bankruptcy code and is precluded from

the discharge protection under Section 524 of the bankruptcy code.

3.      That the defendant, Parsons, willfully failed to disclose

his partnership interests in Win Par Hospitality  LLLP and Win Par

Hospitality Laredo LLC in efforts to conceal the $250,000 partnership

debt due and owing to Hahn in lieu of a consumer debt Parsons alleges

he acquired with his wife, aka Carrie Ann Parsons.

## COUNT II

1.      That the contents of paragraphs 1 through 3 of Count 1

are incorporated herein and made a part hereof.

2.      That Parsons executed a settlement agreement with

Hahn in April of 2008, promising to list the business property of the

LLC, namely lots 11, 12, and 13, Jacaman Ranch, Block 8, Unit 2,

Webb County, Laredo, Texas, for a list price of $1,300,000

and pay Hahn $250,000 of the sale proceeds, including 18.2 percent

of the profits exceeding $1,300,000.  A copy of the settlement

agreement was provided in an exhibit Plaintiff has filed with this

honorable court

     3.    That Parsons and the other former member of Win Par

Hospitality Laredo LLC, namely Thomas A. Minor (Minor) purchased

lots 11 and 12 from Win Par Hospitality Laredo LLC on or about

May 31, 2007, and failed to notify Hahn of the purchase and write

Hahn an escrow check for $149,000,  in violation of the operating

agreement for Win Par Hospitality Laredo LLC.  A copy of the

cash warranty deeds for lots 11 and 12, including a copy of

the operating agreement was hereto attached in exhibits Plaintiff

has filed with this honorable court..

     4.    That Parsons and Minor failed to disclose their

lot purchases to Hahn at the time the settlement agreement was

executed in April of 2008.

     5.    That Parsons and Minor failed to disclose to Hahn

that they were in financial difficulty at the time they executed the

settlement with her in April of 2008.  For the most part, Minor advised

Hahn that Laredo National Bank was satisfied with the LLC's intention

to either sell the lots or construct and develop a hotel on the LLC

lots.

6.     That Win Par Hospitality Laredo LLC had retained

Hahn's remaining capital of $71,700 in year 2008.

7.     That Parsons and Minor entered into a loan extension

agreement with Compass Bank, successor trustee of Laredo National

Bank on or about May of 2008, agreeing to pay the remaining $67,000

mortgage balance by May of 2009.  A copy of the loan extension

agreement was provided in an exhibit Hahn has filed with this honorable

court.

8.     That Parsons negligently failed to pay off the loan balance

for $67,000 in May of 2008 with Hahn's remaining LLC capital of

$71,700.  Instead he elected to pay off notes of the LLC which were

not due and owing until year 2020 or thereafter and retain $56,000 of

earnings for the LLC.

9.     That after May of 2008, Parsons and Minor failed

to make timely mortgage payments for the mortgage of $67,000

to Compass Bank.

10.  .   That the listing agent, Lula Morales, was instructed to

take the lots off the listing priper to the lot listing expiration date of

August 27, 2008.

11.     That Parsons and Minor failed to file personal

bankruptcies in year 2008, including Parsons failure to file

a bankruptcy for the LLC as insolvent.

12.     That Parsons and Minor did so willfully.

13.    That Parsons and Minors' negligence to file for bankruptcy protection, including bankruptcy relief for the LLC alleging insolvency resulted in the forefeiture of Hahn's capital contribution in the amount of $220,700.

14    That Parsons elected to pay off notes of the LLC which were not due and owing in year 2008 and retain earnings of the LLC in the amount of $56,000 so that Minor and he could receive their capital contributions of $16,000 and $40,000 , resp.

15.    Parsons and Minors' failure to file bankruptcy resulted in Hahn's loss of capital and the conveyence of clouded title to Compass Bank with respect to their purchase of the lots and/or tracts of land on February 3, 2009.

COUNT III

1.    That the contents of paragraphs 1 through 3 of Count 1 and the contents of paragraphs 1 through 15 of Count II are incorporated herein and made a part hereof.

2.    That Parsons and  Minor failed to notify Hahn of the foreclosure notice they received from Compass Bank in January of 2009 in efforts to conceal their fraudulent conduct in transferring the LLC lot titles in their exclusive joint names, namely for lots 11 and 12..

3.    That Parsons and Minor failed to exercise payment for the remaining balance due amount of $67,000 from Hahn's remaining LLC capital of $71,700 in year 2008.

4.    That Parsons  fraudulently concealed the financial records

of the LLC from Hahn until Hahn filed another complaint in Brevard County,

Florida in year 2012.

5.    That Parsons did so willfully to conceal losses and gains

he acquired solely for tax years 2005 through 2008 from the LLC,

including concealment of his purchase of the LLC lots with Minor in

May of 2007 whereby Hahn was robbed of her capital contribution

of $149,000.

6.    That Parsons and Minor were not authorized to steal

Hahn's capital contribution of $250,000 at the time the LLC lots were

sold on February 3, 2009, where Parsons is believed to have reinvested

hahn's capital in a hotel project with Alliance Development Group (ADG)

in either the State of Virginia or Pennsylvania.

7.    That Parsons and Minor have used Hahn's capital of

$250,000 towards their capital contribution to ADG in the amount of

$404,000 to lease outright the hotel from ADG for 20 years.  Essentially,

they are making money off of Hahn's capital in leasing out another hotel

closer to home in lieu of building the hotel they had alleged to build

in Laredo, TX.  They have done so willfully.

8.    That Parsons and Minor further violated the settlement

agreement by replaceing the settlement agreement with a promissary

note to Hahn  on September 17, 2009, promising to pay Hahn $250,000

the lender on a best efforts basis.  A copy of the promissary note was

provided in an exhibit filed with this court

9.    That Parsons and Minor have willfully failed to remit to Hahn the $250,000, as outlined in the promissary note to date.

10.    That Parsons and Minor willfully allege Hahn as a lender instead of a member and creditor of the partnership entity, Win Par Hospitality Laredo LLC.

11.    That Parsons has committed tax fraud in that he documented Win Par Hospitality LLLP as 100% owner to the entity in lieu of 40% ownership to the entity.  Further, he failed to provide Hahn annual K-1 returns when the LLC had not been dissolved.

12.    That Parsons alleges he bought out Hahn in year 2007 contrary to no buy out agreement.  Hahn validatated no buy out agreement being executed with her former attorney, Hank Marino, on June 23, 2014.

13.    That Hahn has additional evidence to file concerning Parsons and the capital he stole from her in this business venture.

COUNT IV

1.    That the contents of paragraphs 1 through 3 of Count 1, the contents of paragraphs 1 through 15 of Count II, and the contents of paragraphs 1 through 13 of Count III are incorporated herein and made part hereof.

2.    That Parsons dissolved the entity, Win Par Hospitality Laredo LLC, on September 25, 2009, without disclosing the dissolution to Hahn in violation of the operating agreement.  A copy of the operating agreement was provided in one of the exhibits listed in the filed exhibit list.

3.    That Parsons did so willfully.

4.    At the time of the LLC dissolution, there was no outstanding involuntary petition against the LLC for insolvency, even though Hahn had not been paid her $250,000 partnership capital.

5.    Parsons did so willfully.

6.    That Minor subsequently filed a chapter 7 bankruptcy proceeding on January 10, 2010, in the Eastern District, Richmond Division bankruptcy court but failed to include the debt to Hahn on his chapter7 petition, including his prior partnership membership with  Win ParHospitality Laredo LLC for the period 2005 through 2009 in response to question 18 of the chapter 7 petition.

7.    That Minor did not disclose his prior LLC partnership interest  with the entity, Win Par Hospitality Laredo LLC, on his chapter 7 petition and has violated Section 523 (a)(2) or (4) and is precluded from the bankruptcy protection under Section 524 of the bankruptcy code.

8.    That Minor did so willfully.

9.    That Minor failed to notify Hahn of his bankruptcy for the period of January 10, 2010 through August 12, 2013, nor list Hahn, Burke Financial LLC, or Win Par Hospitality Laredo LLC on his chapter 7 petition.

## COUNT V

1.    That the contents of paragraphs 1 through 3 of Count 1, the contents of paragraphs 1 through 15 of Count II, the contents of

paragraphs 1 through 13 of Count III, and the the contents of
paragraphs 1 through 9 of Count IV are incorporated herein and
made a part hereof.

2.      That both Minor and Parsons ' chapter 7 and 13
bankruptcies, resp., are personal consumer debt bankruptcies
acquired with their spouses.

3.      That the debt due and owing to Hahn is a
business matter, namely a secure partnership debt due and
owing to her by both Parsons and Minor in securing the LLC lots
into their exclusive names and subsequently selling the LLC
lots and stealing Hahn's capital for $250,000, alleging she
has lost her entire contribution in a foreclosure.

4.      They did so willfully.

5.      That Minor committed perjury on his chapter 7
petition when he disclosed his spouse as a joint debtor to the
mortgage debt he listed with Laredo National Bank in the amount
of $743,000, including his fraudulent disclosure of the mortgage
debt amount which was only $67,000 not $743,000.

6.      That Minor and Parsons' spouses were not members
of Win Par Hospitality Laredo LLC, nor did they execute a settlement
agreement or a promissary note with Hahn.

7.      That Parson has committed perjury in that he has
disclosed his spouse as a joint debtor to the debt due
and owing to Hahn in the amount of $250,000, instead of Minor who

is a codebtor to the promissary note.

8..      They have done so willfully.

9.      That Minor committed perjury when he listed Laredo National Bank as a creditor in lieu of Compass Bank, including his fraudulent disclosure of the amount due and owing to Laredo National Bank of $743,000 instead of $67,000.

10.      That both Minor and Parsons jointly owed $67,000 to Compass Bank in 2008 and/or 2009 attributing to the foreclosure on 02/03/09.

11.      That both Minor and Parsons jointly incurred no business loss when Tracts 1 and 2 were sold for $802,156 to Compass Bank on February 3, 2009, since the note balance was $67,000 not $743,000 and the remaining debt was a 5% trustee fee debt due and owing to Claudia Garcia for selling the :LLC lots in an auction. Consequently, Parsons received a BIG CHECK for $695,000 with Minor.

12.      That both Minor and Parsons unjustly were enriched when they acquired Hahn's capital of $250,000 and defaulted in repayment of the debt to Hahn. Essentially, fraud has occurred and the debt to Hahn in the amount of $250,000 cannot be discharged.

13.      That Parsons and Minor willfully disclosed all three lots being mortgaged for $743,000 instead of $67,000 in years 2008 and 2009.

14.      That Minor received his capital contribution of $130,000 in year 2006 from the LLC, including additional amounts

he received from the LLC in 2006, 2007, and 2008.

15.    Minor received these monetary distributions from the LLC but failed to use his capital when he purchased lot 13 from a party in May of 2007.  Instead he used Hahn's capital to pay back the notes he used to purchase lot 13.

16.    Parsons and Minor jointly used Hahn's capital of $149,003 plus $71,696 to pay off mortgages and notes incurred by the LLC in 2007 and 2008 .

17.    Parsons and Minor reported losses on their respective tax returns for year 2009 alleging they incurred a loss of $743,000 instead of a gain of $695,000

18.    That Parsons and Minor did not  incur a loss of $743,000 in year 2009.  Additionally, they concealled receipt of Hahn's capital in the amount of $250,000 by alleging to Hahn that she had lost everything in a foreclosure so that she would report a loss to the IRS and they could essentially receive unjust enrichment of the money by carefully concealling the note balance at $743,000 in lieu of $67,000.  A BIG MISTAKE CAREFULLY CONCEALLED BY BOTH FOR YEARS TO DEFRAUD HAHN.

19.    That Hahn has incurred a loss of $250,401 plus 4.75% interest effective January 24, 2014..

20.    That Parsons and Minor used the entire cash equity of lots 11 and 12 as collaterol for the down payment to purchase lot 13.

21.    That Parsons and Minor obtained a mortgage for lot 13 in the amount of $743,000 from Laredo National Bank. Parsons and Minor paid off this note in the amount of $676,000 by May of 2008.  They used Hahn's capital of $250,000 plus Parsons capital of $426,000 to pay for lot 13.  The remaining balance was $67,000 for lot 13.

22    That Parsons and Minor extended financing for the $67,000 outstanding balance until May of 2009 even though Parsons had possession of Hahn's remaining capital of $71,696 to make final payment for the outstanding mortgage balance of $67,000 for lot 13.

23    That Parsons and Minor removed the lots from their listing prior to the listing expiration date of August 27, 2008, instead of reducing the listing price to less than $1,300,000.

24    That Parsons and Minor negotiated a short sales transaction with Compass Bank prior to the foreclosure sale on February 3, 2009.

25    That Parsons and Minor have not disclosed to Hahn the sales price that was accepted by both of them in exchange for the lot deeds they forfeited but apparently their was positive equity in the LLC lot sales estimated at $695,000.

26    That the foreclosure auction included two tracts of land for auction, being tract 1 consisting of lot 13, Jacaman Ranch, Block 8, Unit 2, Webb County, Laredo, Texas and

tract 2 consisting of lots 11 and 12, Jacaman Ranch, Block 8,

Unit 2, Webb County, Laredo, Texas.

27    That the recorded Trustee Deed records all

three lots lot being sold for $802,156 on February 3, 2009.

28.    That Parsons and Minor received no less

than $802,156 -$67,000 - 5% trustee fee or $695,000.

and there was enough of money to pay Hahn her capital contribution

of $250,000 at the time the LLC lots were sold.

29..    That Parsons and Minor did so willfully.

COUNT VI

1.    That the contents of paragraphs 1 through 3 of

Count 1, the contents of paragraphs 1 through 15 of Count II,

the contents of paragraphs 1 through 13 of Count III,  the

contents of paragraphs 1 through 9 of Count IV, and the contents

of paragraphs 1 through 29 of Count V are incorporated herein and

made a part hereof.

2.    That Parsons deposited $10,000 of the LLC's

monetary funds with Alliance Development Group (ADG) in year 2007.

3.    That Parsons and Minor conveyed the $10,000 of

monetary funds to ADG in efforts to secure a hospitality lease with

a hotel ADG planned to construct and develop for them.

4.    That Parsons chapter 13 petition includes notice to

Alliance Receivables Management in Southeastern, Pennsylvania.

No monetary amount is disclosed on his petition.

5.      That Parsons is employed with a foreign LLC entity in the State of Pennsylvania.  Parsons has not disclosed his business wages with this entity on his chapter 13 bankruptcy petition in response to Schedule I of his petition, at least for year 2013. and 2014.

6.      That Parsons has disclosed in Schedule I of his chapter 13 petition business earnings for years 2010, 2011, and 2012

7.      That Parsons committed perjury on his chapter 13 petition when he disclosed he discontinued working for Space Coast Hospitality Management Service in year 2010.

8.      That Parsons business earnings have NOT been included in the chapter 13 debt payment plan to Hahn, which is a partnership debt and not an unsecured consumer debt.

9.      That Parsons business earnings should be used in a debt payment plan to Hahn in the amount of $250,000.

COUNT VII

1.      That the contents of paragraphs 1 through 3 of Count I, the contents of paragraphs 1 through 15 of Count II, the contents of paragraphs 1 through 13 of Count III, the contents of paragraphs 1 through 9 of Count IV,  the contents of paragraphs 1 through 29 of Count V, and the contents of paragraphs 1 through 9 of Count VI are incorporated herein and made a part hereof.

2.      That Parsons has included a co-debtor, namely Mike Mishler, for a debt due and owing to Sunrise Bank in the amount of

$103,000.

3.      That Parsons has failed to list Minor as a co-debtor to the debt due and owing to Hahn in the amount of $250,000.

4.      That Parsons has disclosed a lawsuit filed by Mike Mishler against Parsons on his chapter 13 petition.  Apparently, Parsons owes Mishler over $50,000 for the Sunrise Bank debt of $103,000.

5.      That Parsons apparently has retained a partnership interest  to the 121 Wakulla Suite hotel located at 3550 N. Atlantic Av, Cocoa Beach, FL 32931

6.      That Mike Mishler has listed the 121 suite hotel's market value at $3,000,000 dollars.

7.      That Hahn recalls Parsons ownership disclosure to the 121 Wakulla Suite hotel at 33%, specifically Parsons financial statement to Laredo National Bank in year 2005.

8.      That Parsons was receiving unemployment funds in years 2010, 2011 and 2012, while he was working and earning $90,000 per year.

9.      That Parsons spouse, aka Carrie Lee, owns and operates a coffee and tea company in Florida located at 3550 N. Atlantic Av, cocoa beach, FL   32931.

10.     That Parsons spouse, aka carrie Lee, owns and operates another coffee and tea company in Michigan located at 407 N. State St., Big Rapids, MI,  including others in the State of Washington.

COUNT VIII

1.      That the contents of paragraphs 1 through 3 of Count I, the contents of paragraphs 1 through 15 of Count II, the contents of paragraphs1 through 13 of Count III, the contents of paragraphs 1 through 9 of Count IV, the contents of paragraphs 1 through 29 of Count V, the contents of paragraphs 1 through 9 of Count VI, and the contents of paragraphs 1 through 10 of Count VII are incorporated herein and made a part hereof.

2.      That Hahn has suffered emotional and physical distress from the loss of her life savings in the amount of $250,000.

3.      That Parsons and Minor purchased lots 11 and 12 from the LLC and used Hahn's capital to pay off the first mortgage of the lots in the amount of $149,003 instead of notifying Hahn that they had intentions to purchase the lots from the LLC and write her a check for $149,003 and hold the check in escrow for her in accordance with the LLC operating agreement.

4.      That Parsons and Minor did so willfully.

5.      That Hahn has encountered considerable financial distress from the loss of her life savings in the amount of $250,000, specifically since Parsons and Minor have covered up a BIG MISTAKE for numerous years and have carefully concealed the mistake in efforts to defraud Hahn out of her $250,000 capital contribution.

6.      That Parsons and Minor sold all three lots to Compass Bank for $802,156 in a short sales foreclosure transaction.  The outstanding loan balance was $67,000 so the net proceeds were

$802,000 - $67,000 = $735,000 minus a 5% trustee fee.

7.     That Parsons and Minor paid $676,000 towards the mortgage note for $743,000.

8.     That Parsons and Minor used $149,003 of Hahn's capital to pay off the first mortgage note for lots 11 and 12 in the amount of $328,000, and $71,696 of hahn's capital to pay off long term notes of the LLC and attorney fees for the LLC lot sales.

9.     That Parsons and Minor forfeited Hahn's capital for $250,000 when they agreed to sell all three lots to Compass Bank in a short sales transaction for $802,156, specifically they purchased lot 13 for $743,000 and used the cash equity of lots 11 and 12 for the down payment leaving a mortgage balance of $67,000 which they paid off in the amount of $676,000.

10.     That Parsons and Minor got paid back when they received the remaining proceeds from the short sales transaction at the expense of Hahn's capital.

11.     That Minor never contributed any money to the LLC bank account  for years years 2005 through 2008.

12.     That Parsons received his contributions from the LLC when he retained earnings in the amount of $156,000 from Hahn's capital in year 2008

13.     That Parsons provided payment in the amount of $75,000 for a finder's fee.

14.     That Parsons issued payment in the amount of

$10,000 to Alliance Development Group in year 2007 in efforts
to construct a hotel he could lease out from them with Minor.

15.    That Parsons and Minor reinvested their capital
distributions from the LLC to lease out a hotel from ADG.

16.    That all other parties received their capital
contributions from the LLC, except Hahn.

17.    That Laredo National Bank and Compass Bank
each received their monetary contributions with interest.

18.    That Parsons owes Hahn $250,401 at this time.

19.    That a partnership interest is not worthless

20.    That Parsons may be concealing additional proceeds
he received in the short sales transaction.

21.    That Hahn reis entitled to punitive damages from
Parsons if immediate restitution of this matter is not resolved, including
reimbursement of the adversary proceeding filing fee for $293.00,
$57.00 reproduction fee from Webb County for records
pertaining to this proceeding, including postage, duplication fees,
and supplies necessitated in preparation of this complaint,
punitive damages for physical and emotional distress from
ongoing litigation, attorney fees, and travel expenditures in
prosecuting this matter in the bankruptcy court.

COUNT IX

1.    That the contents of paragraphs 1 through 3 of
Count i, the contents of paragraphs 1 through 15 of Count II,

the contents of paragraphs 1 through 13 of Count III, the contents

of paragraphs 1 through 9 of Count IV, the contents of paragraphs

1 through 29 of Count V, the contents of paragraphs 1 through 9

of Count VI, the contents of paragraphs 1 through 10 of Count VII,

and the contents of paragraphs 1 through 20 of Count VIII are

incorporated herein and made a part hereof.

    2.      That Hahn is the sole manager of Burke Financial

LLC.

    3.      That Burke Financial LLC is inactive at this time.

    4.      That Burke Financial LLC was a foreign entity in

the State of Illinois.

    5.      That Burke Financial LLC is no longer registered

with the State of Illinois as a foreign entity, nor is Burke registered

in any other state of the United States and abroad as a foreign entity.

    6.      That Burke Financial LLC was incorporated in the

State of Nevada in year 1998 UNDER its former name Hahn

Financial LLC.

    7.      That Hahn conveyed 100% of her interest in

Burke Financial LLC to her living trust , as shown in an exhibit she

has filed with this court.

    8.      That Hahn was allowed to convey her ownership

to her living trust in accordance with the code.

    9.      That Hahn's capital contribution to Win Par Hospitality

Laredo LLC in the amount of $220,700 was funded from Hahn's

former living trust account with Stifel Nicholas.

10.    That Hahn no longer has a brokerage account nor savings due to her debt expenditures for repairs to her home, including property tax and insurance expenditures necessitated by law.

11.    That Hahn is allowed to represent herself pro se in accordance with bankruptcy law.

12.    That Hahn is planning to retain counsel at this time and requests an evidentiary hearing so that her attorney can determine if a trial is warranted in this matter.

13.    That Sverbilow has advised Hahn he cannot represent her if she isn't able to collect the debt due and owing to her by Parsons and Minor due to bankruptcy.

## CLAIM FOR RELIEF

1.    Hahn requests la pretrial evidentiary hearing to determine the extent of evidence for FRAUD pursuant to Section 523(a)(2), (a)(3), and (a)(4).

2.    That Hahn requests this honorable court to enter a pretrial order at this time.

3.    That Hahn requests this honorable court to order Parson's immediate action to submit a revised business debt repayment plan to her in the amount of $250,000, which includes Parsons business earnings and

not his unemployment, social security earnings, and spousal earnings for

repayment of the business debt to Hahn in the amount of $250,000.

4.    That Parsons and his spouse be ordered to liquidate their

business assets at this time to repay the partnership debt to Hahn in the

amount of $250,000 plus 18.2 percent of any additional proceeds Parsons

and Minor received in the short sale LLC lot  transactions from

Compass Bank on February 3, 2009.

5.    That the defendant be ordered to mail plaintiff a copy of

his motion to dismiss plaintiff's adversarial proceeding complaint.

Defendant willfully failed to mail plaintiff a copy of his motion in efforts

to defraud her so that he could dismiss the proceeding in violation

of the federal bankruptcy rules for notification.

WHEREFORE, the Plaintiff, Hahn, respectfully prays that the

discharge of debt to her in the amount of $250,000 be DENIED

due to fraud and violation of Section 523(a)(2), (a)(3), and (a)(4)

of the bankruptcy code which precludes Parsons from the bankruptcy

discharge protection under Section 524.

Respectfully submitted,

Eloise K. Hahn, Trustee of the
Eloise K. Hahn Living Trust
Managing Member of Burke Financial LLC
Member of Win Par Hospitality Laredo LLC
313 East 1300 North
Chesterton, IN   46304
(219) 617-5496
(219) 413-2353
eloisehahn349@gmail.com

## CERTIFICATE OF SERVICE

I, Eloise K. Hahn, hereby certify that a true and correct copy of

the motion to strike defendant's motion to dismiss plaintiff's adversarial

proceeding complaint , as amended June 25, 2014, was forwarded to the

following parties on June 25, 2014, via UPS mail being:

> George C. Young Federal Courthouse
> Attn:  Lee Ann Bennett, Clerk of the Court
> 400 West Washington Street
> Suite 5100
> Attn:  Mary Henry, Case Assignee
> Orlando, FL   32801
>
> William R. Parsons
> 152 Martesia Way
> Indian Harbor Beach, FL   32937

*June 25, 2014     Eloise K. Hahn*

I, Eloise K. Hahn, hereby certify that a copy of the foregoing

adversary complaint was forwarded to the following parties on

June 25, 2014, via USPS mail being:

> Laurie K. Weatherford, U.S.  Trustee
> P.O. Box 3450
> Winter Park., FL

*Eloise K. Hahn*

June 25, 2014     Eloise K. Hahn, Trustee
Beneficiary of the Eloise K. Hahn Living Trust
dba Burke Financial LLC
Member of Win Par Hospitality laredo LLC

PETITIONER EXHIBIT

    Dcmmtg@cs.com          To
                         03/21/2006 03:31 PM    Subject   Re: Agreement

In a message dated 3/21/2006 4:23:23 PM Eastern Standard Time, Hahn.Eloise@epamail.epa.gov writes:

Hi:

To clarify your message of 3/6/06 advised me to execute the agreement
and have it witnessed and send to who?  What address?

Bill I have given you his address several times and you have his card with his address on it.  Here it is
again:

Bill Parsons
President
Space Coast Hospitality Management Services
P.O. Box 321534
Cocoa Beach, FL 32931
Phone: 321-868-4304
Fax: 321-868-3938

Further your
message of 3/6/06 stated that Bill's attorney would update the LLC and all papers would be signed and
notarized.

We just received the Burke information today, so we could not update prior to today.  You have the
signed and notarized agreements already.

Finally, your message stated
that once I would have my paperwork, I would then need to overnight check.  It seems that to protect
myself legally I need to do the
paperwork prior to sending the money?

You have a notarized agreement from Bill already, Made out to you Eloise Hahn.  Bills attorney will start
the new agreement in the morning but you do have a signed agreement already.

Please advise.  Thanks.

T. Alan Minor
President
Commercial Services
Diversified Commercial Mortgage
(P) 804-423-6412
(P) 866-562-2147
(F) 866-331-3568



Dcmmtg@cs.com          To
03/20/2006 04:11 PM     Subject   Re: Never heard from you

bparsons@schms.com

Here is Bill's email but CC me also.

Thanks

T. Alan Minor
President
Commercial Services
Diversified Commercial Mortgage
(P) 804-423-6412
(P) 866-562-2147
(F) 866-331-3568

    Dcmmtg@cs.com            To
                        03/20/2006 04:11 PM       Subject   Re: Never heard from you

bparsons@schms.com

Here is Bill's email but CC me also.

Thanks

T. Alan Minor
President
Commercial Services
Diversified Commercial Mortgage
(P) 804-423-6412
(P) 866-562-2147
(F) 866-331-3568

STATE OF FLORIDA )         IN THE CIRCUIT CIVIL COURT
)SS:
COUNTY OF BREVARD )        SITTING AT TITUSVILLE, FLORIDA

ELOISE K. HAHN dba )
Burke Financial, LLC, )
    Petitioner, )
)
v. )CAUSE NO. 05-2007-CA-069527-XXXX-XX
)
WILLIAM R. PARSONS dba )
WinPar Hospitality, LLLP, )
    Defendant, )
)
)
)

## RESPONSE TO MOTION TO DISMISS

COMES NOW Plantiff, Eloise K. Hahn, dba Burke Financial LLC, pro se and for

her cause of action alleges and says:

1.    That she is the Plantiff in this cause of action.

2.    That Plantiff received via mail a Motion to Dismiss Cause No.

    05-2007-CA-06957-XXXX-XX on February 28, 2008, from Defendant's

    attorney, Howze, Monaghan, & Theriac, PLC.

3.    That Plantiff denies the allegations set forth in paragraph 1 of the

    Motion to Dismiss and affirmatively states that the Complaint filed by

    Plantiff clearly prays for a judgment against the Defendant in the

    amount of $250,000.00.

4.    That Plantiff denies entirely the allegations set forth in paragraph

    2 of the Motion to Dismiss and affirmatively states that the Complaint

    cites venue in paragraphs 2-4 of the Complaint. Venue is further

-2-

demonstrated by the attached Articles of Organization in the State of

Florida and Operating Agreements of the entity, WinPar Hospitality,

Laredo, LLC, copies of which are hereto attached in Exhibit A.

5.    That Plantiff neither admits or denies the allegations set forth in

paragraph 4 of the Motion to Dismiss and affirmatively states that

Burke Financial, LLC is a member of Win Par Hospitality Laredo

LLC. Further, since Win Par Hospitality Laredo LLC is incorporated

in the State of Florida venue is proper in the Civil Court of the 18th

Judicial Circuit In and DFor Brevard County, Florida. Additionally,

this is further justified by the attached listing agreement , a copy of which

is hereto attached in Exhibit B.

6.    That Plantiff neither admits or denies the allegations set forth in paragraph

4 of the Motion to Dismiss and affirmatively states that the Defendant,

William R. Parsons is the President of Win Par Hospitality Laredo, LLC

and hence he is the responsible corporate official to be served in this

matter. Further, Plantiff affirmatively states that the Defendant's address

is recognized as Win Par Hospitality, LLLP, however, the suit concerns

Win Par Hospitality, Laredo, LLC.

7.    That Plantiff denies the allegations set forth in paragraph 5 of the

Motion to Dismiss and affirmatively states that the Complaint shall be

deemed the requisite demand therefor.

8.    That Plantiff denies the allegations set forth in paragraph 6 of the Motion

-2-

to Dismiss and affirmatively states that the Complaint clearly justifies

the relief in damages at least in the amount of $250,000.  Further,

Plantiff affirmatively states this is justified by the attached emails

and listing agreement, copies of which are hereto attached in Exhibit C.

WHEREFORE Plantiff respectfully prays that an Order be entered to sell

the vacant land lots in Laredo, Texas in the amount of $1,350,000 and for all other

relief in the premise.

Respectfully Submitted,

Eloise K. Hahn , Manager
BURKE FINANCIAL, LLC
1631 S. Clarence Av; Apt. 2
Berwyn, IL   60402
(708) 484-2169
(708) 408-8266
(312) 886-6765
hahn.eloise@epa.gov



"J Wesley Howze Jr ."
<jhowzejr@hmtlaw.com>

03/21/2008 10:53 AM

To

Subject   RE: Request for Information-Laredo Matter

Madam,   Your inquiry relates to abusinees decision and I am without
suffcent knowledge to give you a meaningful answer.  However, from a
litigation point off view, it would compromise the clarity of the
stipulation as agreed to by the parties. It also raises the possibility that
your local broker might be less vigorous in marketing the proprty if he
thought he might have to share commissions.    You should have clen copy in
hand by the middle of next week.  Thanks.

-----Original Message-----
From: Hahn.Eloise@epamail.epa.gov [mailto:Hahn.Eloise@epamail.epa.gov]
Sent: Thursday, March 20, 2008 4:00 PM
To: J. Wesley Howze
Cc: Dcmmtg@cs.com
Subject: RE: Request for Information-Laredo Matter

Hello Attorney Howze:

May I make a suggestion?  Can we amend the real estate contract with the
realtor being, "If the sellers find a buyer then no commission will be due
to (whatever the real estate co is).  I think it would be advisable to
advertise the property in the Wall Street Journal under business
opportunities.

"J Wesley Howze
Jr."
<jhowzejr@hmtlaw
.com>

03/18/2008 01:43
PM

Eloise Hahn/R5/USEPA/US@EPA

To

cc

Subject

RE: Request for
Information-Laredo Matter

Dear Ms Hahn,   The draft is one and the same Stipulation of Settlement which
my client tendered to you for review.  Do you have any problems with form or
content?
If not, I can prepare a clean original for signature in counterpart.
Please

advise.
-----Original Message-----
From: Hahn.Eloise@epamail.epa.gov [mailto:Hahn.Eloise@epamail.epa.gov]
Sent: Monday, March 17, 2008 2:26 PM
To: J. Wesley Howze
Cc: Dcmmtg@cs.com
Subject: RE: Request for Information-Laredo Matter

Hi Attorney Howze:

I'm glad you emailed me.  I have not received a copy of the Proposed
Stipulation of Settlement.  Can you please email me ASAP?  I have a draft
settlement agreement executed by Al and Bill, along with a listing
agreement, my complaint, Your response to dismiss, my response to your
motion for dismissal and notice of default with cancellation of the default.
PLEASE SEND ME THIS OTHER DOCUMENT .   THANKS.


|                         |                              |         |
|-------------------------|------------------------------|---------|
| "J. Wesley              |                              | To      |
| Howze"                  |                              |         |
| <jhowzejr@hmtlaw        |                              |         |
| .com>                   | Eloise Hahn/R5/USEPA/US@EPA  |         |
|                         |                              | cc      |
| 03/17/2008 10:07        |                              |         |
| AM                      |                              |         |
|                         |                              | Subject |
|                         | RE: Request for              |         |
|                         | Information-Laredo Matter    |         |


Bill,  See my fax of last week.  Do you have any idea of what Ms. Hahn is
doing?  It's as if she was having a conversation with herself.  Has she even
seen the proposed Stip. Of Settlement that I prepared?  Let me know, please.
Wes

-----Original Message-----
From: Hahn.Eloise@epamail.epa.gov [mailto:Hahn.Eloise@epamail.epa.gov]
Sent: Wednesday, March 05, 2008 5:20 PM
To: Dcmmtg@cs.com
Subject: Re: Request for Information-Laredo Matter

Al:

I cannot submit the Motion to Dismiss to the Clerk because Bill's attorney
drafted a Motion to Dismiss which I responded to and now I need to go to
court

on May 1, 2008 at 3pm to have a hearing with respect to the complaint.

I need to Draft a Motion for Notice of Hearing and send to Bill's attorney.

Then make the trip plans.  What a workout.  I'll be glad to get this over with shortly.  I hope I can get around with a $500 credit card.
When I return I need

to go to trial with a contractor in Valparaiso, IN.  Then fly down to AL and see my son graduate.  Keep me posted on the sale of the lots.
thanks much.


        Dcmmtg@cs.com

        03/05/2008 03:15
        PM                                                          To
  \                             Eloise Hahn/R5/USEPA/US@EPA
                                                                     cc



                                                      Subject
                            Re: Request for
                            Information-Laredo Matter



8.5% for raw land is not a high interest rate.  They will extend as I spoke with him about which Realtor to use and he said as long as he knows we are either trying to sale or develop then we are OK.  The bank has the deed...I do not want them to think their is a problem with our group so I really don't want to ask for it and start a bunch of questions.  Right now he is satisfied that we want to focus on projects closer to home and I want to leave it that way.


T. Alan Minor
President
Commercial Services
Diversified Commercial Mortgage
(P) 804-423-6412
(P) 866-562-2147
(F) 866-331-3568

IN THE CIRCUIT CIVIL COURT OF
THE 18TH JUDICIAL CIRCUIT IN AND
FOR BREVARD COUNTY, FLORIDA

**ELOISE K. HAHN** dba
Burke Financial, LLC,

Case No.: 05-2007-CA-69527-XXXX-XX

      Plaintiff,

v.

**WILLIAM R. PARSONS** dba
WinPar Hospitality, LLLP,

      Defendant.

_____/

## STIPULATION OF SETTLEMENT

COME NOW Plaintiff and Defendant and stipulate and agree as follows:

1.     All Parties hereto have reached an amicable resolution of this cause.

2.     The proper parties to this cause are Burke Financial, LLC, an Illinois limited liability company and WinPar Hospitality Laredo, LLC, a Florida limited liability company.

3.     Plaintiff Eloise K. Hahn has no cause of action against, and no liability attaches to, Defendant William R. Parsons, or any other member of WinPar Hospitality Laredo, LLC, a Florida limited liability company and this Stipulation of Settlement shall be deemed a General Release in favor of the signatories hereto and entities which they represent, other than her, individually and Burke Financial, LLC.

4.     Not later than April 16, 2008, the real property described in Exhibit A, attached hereto and made a part hereof by reference, located within the State of Texas shall be listed for a total sale amount of $1,300,000.00. The entity known as Lula Morales Realty, Inc., whose business address is 5615 San Dario, Suite 101, Laredo, TX 78041, shall be designated as Seller's Real Estate Agent.

5.     From the proceeds of sale of the real property described in Exhibit A hereto, there shall first be paid funds sufficient to satisfy all liens, mortgages, taxes, encumbrances and commissions appertaining thereto. From the remaining (net) proceeds of sale, WinPar Hospitality Laredo, LLC, shall pay Burke Financial, LLC, Two-Hundred Fifty Thousand Dollars ($250,000.00) and its proportional share of 18.2% of all sums in excess of said amount.

6.     This cause is hereby dismissed with prejudice

7.    The parties hereto represent that they have full authority to bind themselves and the entities designated as part of the signature blocks hereto.

8.    This Stipulation of Settlement may be executed in counterparts and facsimiles, each of which shall be considered an original.

Dated: _April 3, 2008_                                    Dated: _April 8th 2008_


_Eloise K. Hahn_                                          _William R. Parsons_
Eloise K. Hahn, individually, as Plaintiff               William R. Parsons, individually, as
and as Managing Member of Burke                          Defendant, and as General Partner of WinPar
Financial, LLC                                           Hospitality, LLLP, Managing Member of
                                                         WinPar Hospitality Laredo, LLC


                                                         Dated: _4-11-08_


                                                         _T. Alan Minor_
                                                         T. Alan Minor, individually and as Member,
                                                         WinPar Hospitality Laredo, LLC

*lulaemorales @ aol.com*



TEXAS ASSOCIATION OF REALTORS®

## COMMERCIAL REAL ESTATE LISTING AGREEMENT
## EXCLUSIVE RIGHT TO SELL

USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2006

**1. PARTIES:** The parties to this agreement (this Listing) are:

Seller: _____ **WINPAR HOSPITALITY LAREDO, LLC** — *Note Fraud conveyed to exclusive names of Minor Parsons May 2007*

| | |
|---|---|
| Address: | P.O. BOX 32154 |
| City, State, Zip: | COCOA BEACH, FL 32932 |
| Phone: **804-423-6412/866-562-2147** | Fax: **866-331-3568** |
| E-Mail: | DCMMTG@CS.COM |

| | |
|---|---|
| Broker: | LULA MORALES REALTY, INC. |
| Address: | 5615 SAN DARIO SUITE 101 |
| City, State, Zip: | LAREDO TX 78041 |
| Phone: **724-9094** | Fax: **724-2084** |
| E-Mail: | LULAEMORALES@AOL.COM |

Seller appoints Broker as Seller's sole and exclusive real estate agent and grants to Broker the exclusive right to sell the Property.

**2. PROPERTY:**

A. "Property" means the following real property in Texas:

| | | | | |
|---|---|---|---|---|
| Address: | **2311 SATURN/6427 POLARIS** | | **6428 SINATRA PARKWAY** | |
| City: | **LAREDO** | County: | **WEBB** | Zip: **78041** |

Legal Description *(identify exhibit if described on attachment):* _____

LOT 11 BLOCK 2 JACAMAN RANCH UNIT 8 (6427 POLARIS DR)
LOT 12 BLOCK 2 JACAMAN RANCH UNIT 8 (2311 SATURN DR.)
LOT 13 BLOCK 2 JACAMAN RANCH UNIT 8 (6428 SINATRA PARKWAY)

B. Except as otherwise provided in this Listing, Broker is to market the Property together with:
  (1) all buildings, improvements, and fixtures;
  (2) all rights, privileges, and appurtenances pertaining to the Property, including Seller's right, title, and interest in any minerals, utilities, adjacent streets, alleys, strips, gores, and rights-of-way;
  (3) Seller's interest in all leases, rents, and security deposits for all or part of the Property;
  (4) Seller's interest in all licenses and permits related to the Property;
  (5) Seller's interest in all third party warranties or guaranties, if transferable, relating to the Property or any fixtures;
  (6) Seller's interest in any trade names, if transferable, used in connection with the Property; and
  (7) all Seller's tangible personal property located on the Property that is used in connection with the Property's operations except: _____ **N/A** _____

*(Describe any exceptions, reservations, or restrictions in Special Provisions or an addendum. If the Property is a condominium, attach Condominium Addendum.)*

(TAR-1301) 1-23-06        Initialed for Identification by Broker/Associate _____ and Seller **WP** , **TAM**        Page 1 of 9

Commercial Listing concerning _____ *6427 POLARIS/2311 SATURN/6428 SINATRA PARKWAY* _____

## 3. LISTING PRICE:

A. Seller instructs Broker to market the Property at the following gross sales price: $ __*1,300,000.00*__
__*One million three hundred thousand*__ (Listing Price).

B. Seller agrees to sell the Property for the Listing Price or any other price acceptable to Seller. Seller will pay all typical closing costs charged to sellers of commercial real estate in Texas (seller's typical closing costs are those set forth in the commercial contract forms published by the Texas Association of REALTORS®) except *N/A* _____

## 4. TERM:

A. This Listing begins on _____ **FEBRUARY 27, 2008** _____ and ends at 11:59 p.m.
on _____ **AUGUST 27, 2008** _____ .

B. If Seller enters into a binding written contract to sell the Property before the date this Listing begins and the contract is binding on the date this Listing begins, this Listing will not commence and will be void.

## 5. BROKER'S FEE:

A. Fee: When earned and payable, Seller will pay Broker a fee of:

☒ (1) __*5*__ % of the sales price.

☐ (2) *N/A* _____
_____
_____
_____
_____

B. Earned: Broker's fee is earned when any one of the following occurs during this Listing:
(1) Seller sells, exchanges, agrees to sell, or agrees to exchange all or part of the Property to anyone at any price on any terms;
(2) Broker individually or in cooperation with another broker procures a buyer ready, willing, and able to buy all or part of the Property at the Listing Price or at any other price acceptable to Seller;
(3) Seller grants or agrees to grant to another person an option to purchase all or part of the Property;
(4) Seller transfers or agrees to transfer all or part of Seller's interest (stock or shares) in any entity that holds title to all or part of the Property for the purpose of conveying all or part of the Property to another person; or
(5) Seller breaches this Listing.

C. Payable: Once earned, Broker's fee is payable either during this Listing or after it ends at the earlier of:
(1) the closing and funding of any sale or exchange of all or part of the Property;
(2) Seller's refusal to sell the Property after Broker's Fee has been earned;
(3) Seller's breach of this Listing; or
(4) at such time as otherwise set forth in this Listing.

Broker's fee is not payable if a sale of the Property does not close or fund as a result of: (i) Seller's failure, without fault of Seller, to deliver to a buyer a deed or a title policy as required by the contract to sell; (ii) loss of ownership due to foreclosure or other legal proceeding; or (iii) Seller's failure to restore the Property, as a result of a casualty loss, to its previous condition by the closing date set forth in a contract for the sale of the Property.

D. Other Fees:
(1) Lease of Property: If during this Listing, Broker procures a tenant to lease all or part of the Property and Seller agrees to lease all or part of the Property to the tenant, Seller will pay Broker at the time the lease is executed the fee described below. If, during the term of the lease, the tenant agrees to purchase all or part of the Property, Seller will pay Broker the fee specified in Paragraph 5A.

This form is licensed for use with **Formulator ®** from REVEAL® SYSTEMS, Inc.  800-499-9612

IN THE CIRCUIT COURT IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO.  05-2007-CA-69527

ELOISE K. HAHN,

     Plaintiff,

v.

WILLIAM R. PARSONS and
THOMAS A. MINOR,

     Defendants.
_____/

## MOTION TO DISMISS

Defendant WILLIAM R. PARSONS moves this Court to dismiss the Complaint filed herein by Plaintiff, ELOISE K. KAHN, and as grounds therefore states:

1.  Plaintiff originally commenced this action in 2007.

2.  Subsequent thereto, the parties entered into a Stipulation of Settlement dated April 17, 2008, which provides, amongst other matters, that this cause is dismissed with prejudice.

3.  The Court entered an Order on May 1, 2008, dismissing this cause with prejudice.

4.  Plaintiff has recently filed a Complaint reopening this cause.

5.  Based upon the foregoing, this cause has been dismissed and Plaintiff is prohibited from reopening this cause.

6.   Based upon the foregoing, this cause must be dismissed.

WHEREFORE, Defendant WILLIAM R. PARSONS respectfully requests this Court dismiss the Complaint recently filed by Plaintiff, ELOISE K. HAHN, in this action.

I HEREBY CERTIFY that a copy of the foregoing was sent by US Mail this 20th day of May, 2011, to Eloise K. Hahn, 313 E. 1300 North, Chesterton IN 46304.

WILLIAM R. PARSONS
152 Martesia Way
Indian Harbor Beach FL 32937
(321) 863-7756

| | |
|---|---|
| STATE OF FLORIDA ) | IN THE CIRCUIT CIVIL COURT |
| ) | |
| COUNTY OF BREVARD ) | TITUSVILLE, FLORIDA |
| ) | |
| ELOISE K. HAHN ) | Case No. 05-2007-CA-069527-XXXX-XX |
| ) | |
| Plantiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM R. PARSONS, ) | |
| ) | |
| and ) | |
| ) | |
| THOMAS A. MINOR, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO WITHDRAW COMPLAINT

COMES NOW Plantiff, Eloise K. Hahn, pro se and for her cause of action alleges and says:

1.  That she is the Plantiff in this cause of action.

2.  That Plantiff has consulted with counsel on this matter.

3.  That counsel has instructed her to withdraw the complaint.

4.  That counsel has also instructed her to file a new complaint regarding the collection of the $250,000 promissary note.

WHEREFORE, Plantiff respectfully requests this honorable court to withdraw the complaint.

I HEREBY CERTIFY that a copy of the foregoing was sent by US Mail this 9th day of September, 2011, to William Parsons, 152 Martesia Way, Indian Harbor Beach FL 32937 and to Alan Minor, 11603 Hardwood Drive, Midlothian, Virginia 23114.

ELOISE K. HAHN
313 East 1300 North
Chesterton, IN   46304
(708) 408-8266

**Eloise K. Hahn**
**313 East 1300 North**
**Chesterton, IN   46304**
**(708) 408-8266**
**eloisehahn349@gmail.com**

January 18, 2011

William (Bill) Parsons
152 Martesia Way
Indian Harbor Beach, Florida   32937

Re:      Promissary note date September 17, 2009

Dear Bill:

I am writing to you to demand the $250,000 in its entirety effective today,

January 18, 2011.  In accordance with the Promissary Note you agreed to

pay back the $250,000 on a best efforts basis.  Further, you agreed to

assist me with any and all business statements requested.  To date,

I have not received any receipts, checks, etc., which document the

disbursement of my $250,000.  The Internal Revenue Service has

also gotton involved and is demanding proof of the disposition of my

$250,000.  The listing agreement with Lula Morales terminated in year

2008.  The listing agent further indicated to me that the property was

foreclosed upon.  Please get back with me ASAP.  Thank you very kindly.

Sincerely yours,


Eloise K. Hahn

IN THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA
CIVIL CASE NO. 05-2012-CA-045135

STATE OF FLORIDA
COUNTY OF BREVARD
ELOISE K. HAHN,
  Plaintiff,

Vs.

WILLIAM R. PARSONS and
THOMAS A. MINOR,
  Defendants.
_____\

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, **ELOISE K. HAHN,** by and through her undersigned counsel

and sues Defendants, WILLIAM R. PARSONS and THOMAS A. MINOR and alleges:

### Pre-Liminary Allegations

1.  This is an action for damages that exceeds $15,000.

2.  Plaintiff sued Defendants in Brevard County, Case #07-CA-069527; said lawsuit was

    resolved by stipulation of settlement (a copy of which is attached hereto).

3.  Defendants breached the settlement agreement; thereafter on September 17, 2009

    Defendants executed and delivered a promissory note (copy attached) to Plaintiff.  Said

    promissory note was given by the defendants to extinguish liability under Case #07-CA-

    69527.

4.  All conditions precedent to the bringing of this action have occurred, been waived, or

    excused.

5.  Plaintiff sent notice of default to each defendant, a copy of which is attached hereto

## COUNT ONE

6.  Plaintiff realleges and reaffirms paragraphs, one through five as if fully set forth herein.

7.  On September 17, 2009 Defendants executed and delivered a promissory note, copy attached, to Plaintiff in Brevard County, Florida.

8.  Plaintiff owns and holds the note.

9.  Defendants failed to pay the note when due.

10. Defendants owe Plaintiff $250,000 that is due with interest since January 18, 2011.

Wherefore Plaintiff demands judgment for damages including prejudgment Interest against Defendants.

## COUNT TWO

11. Plaintiff realleges paragraphs one through five as if fully set forth herein.

12. Plaintiff has no adequate remedy at law.

13. Plaintiff was an unrepresented pro se litigant who agreed to accept a non-negotiable promissory note that does not certain a definite date or time for payment.

14. Defendants prepared the note and gave same to Plaintiff to terminate litigation in case #07-CA-69527.

15. Defendants would be unjustly enriched if they are not required to pay Plaintiff.

Wherefore Plaintiff demands judgment for damages against Defendants.

**I HEREBY CERTIFY** that a copy of the foregoing has been hand Delivered to Hurley Whitaker, Esquire, 700 N. Wickham Road, Suite 205, Melbourne, Florida 32935 this 25th day of January, 2013.

**LAW OFFICE OF CARUSO, SWERBILOW, & CAMEROTA, P.A.**

By_____

HOWARD M. SWERBILOW, ESQUIRE
Florida Bar No.  196165
190 Fortenberry Road, Suite 107
Merritt Island, Florida  32952-3401
Telephone: (321) 453-3880  Facsimile (321) 453-0112
Primary email: howards@jtchmspa.com
Secondary email: suef@jtchmspa.com
Attorney for Plaintiff.



**Gmail**

Search Mail    Search the Web    Show search options · Create a filter

Compose Mail

Our Clients Need Lawyers - www.LegalMatch.com/Attorneys - Get Legal Cases Emailed Regularly. Fill in a Form. See it! Sponsored Link   ◄ │ ►

**Inbox (43)**                « Back to Inbox    Archive    Report spam    Delete    Move to ▼    Labels ▼    More actions ▼        ‹ Newer 3 of 77 Older ›

Starred ☆            **FW Title**   Inbox | x                                         □ New window
                                                                                       🖨 Print all
Chats ◯              Dcmmtg@cs.com to me          show details Mar 24 (2 days ago)   ↩ Reply ▼      □ Collapse all
                                                                                       □ Forward all
Sent Mail            Ellie,

Drafts (1)           Please handle with discretion as Eric knows nothing about our arrangement or Laredo, he is
                     the Title Attorney for the lender on Paducah....Thanks          · Sponsored Links ·

All Mail                                                                             Closing & Title Software
                                                                                     The Closer's Choice: HUD & Doc
Spam                                                                                 Prep, Escrow Acctng, Title, Reports
                     **Subj: RE: How are you doing on the Title?**                   www.ClosersChoice.com
Trash                **Date: 3/19/2009 5:33:23 PM Eastern Daylight Time**  3/19/2009
                     **From: eclayman@rbclawyers.com**                               Lowest Closing Costs
                     **To: Dcmmtg@cs.com**                                           Lowest Costs, Highest Quality
Contacts             **CC: sweitz43@aol.com**                                        Closing Times, Nationwide
                     *Received from Internet: click here for more information*       www.besttitle.com

– Chat                                                                               Title Chicago
                     Mr. Minor,                                                      Chicago Land Title surveyors
Search, add, or invite                                                               Land Surveyors
● Eloise Hahn                                                                        plcssurvey.net
  Set status here ▼  The title commitment for Paducah will be in by Wednesday of next week. It won't take us but a
                     day or two to clear this commitment. If you have any questions, please feel free to contact me.   Wolpoff Law
● Gustave Hahn-Powell  I just got off the phone with our underwriters VP of underwriting and that is a valid timeline.  I Fixed my Credit Score by Deleting
  blpearson                                                                          Wolpoff Abramson Collection Agency.
  dcmmtg                                                                             www.chargeoff.net
  Eleni Makris        Regards,
  James Lydon                                                                        SoftPro - Title Software
  lf1415                                                                             Closing, Title & Escrow Software
  nummer99                                                                           starting at $1295 for ProForm
  Southwest Airlines  *Eric Clayman, Esq.*                                           www.SoftProCorp.com
  Southwest Airlines
  Tim McNally                                                                        Law office
                     **The Law Office of Eric H. Clayman, P.A.**                     Experienced general practice
Options ▼  Add Contact                                                               attorney. Located in Palatine.
                     **RBC Title &Escrow Services, L.L.P.**                          www.jameskelydex.com

– Labels             8184 Wiles Road                                                 Hitchcock Evert LLP
        Edit labels                                                                  Intellectual Property & Technology
                     Coral Springs, FL., 33067                                       Licensing, Litigation, Transactions
                                                                                     www.hitchcockevert.com
                     Office: (954) 332-2050
                                                                                     Real Estate Attorneys
– Invite a friend    Fax: (954) 332-2051                                             Real Estate Closings
Give Gmail to:                                                                       Representing Sellers and Purchasers
                     Email: eclayman@rbclawyers.com                                  www.randallsegrest.com
[Send Invite] 50 left
                                                                                     More about...
  Preview Invite                                                                     Closing Fees »
                                                                                     Movies Title »
                                                                                     Song Title »
                     ↩ Reply   → Forward                                             New Jersey LLC »
                                                                                     About these links

                     Your message has been sent.  Invite Dcmmtg to Gmail

                     ● Eloise Hahn to Dcmmtg        show details 5:05 PM (-1 minutes ago)   ↩ Reply ▼

                     Thanks for the update.  Looks like things will begin to gel.  Keep me posted.  Thanks.
                     – Show quoted text –

                     ↩ Reply   → Forward

« Back to Inbox | Archive | Report spam | Delete | Move to▼ | Labels▼ | More actions▼ | ‹ Newer 3 of 77 Older ›

Send photos easily from Gmail with Google's free photo organizer.  Learn more

**You are currently using 2 MB (0%) of your 7309 MB.**

Last account activity: 2 days ago on this computer.  Details
Gmail view: standard | turn off chat | basic HTML  Learn more

©2009 Google - Terms - Privacy Policy - Gmail Blog - Join the Gmail team - Google Home



Gmail  Calendar  Documents  Photos  Reader  Web  more ▼          eloisehahn149@gmail.com | Settings | Older version | Help | Sign out

# Gmail

Search Mail    Show search options
Create a filter

**Compose Mail**

Form Swiss Bank Account - www.OffshoreCompany.com - Get the info you need to know, set up an offshore account in  Sponsored Link

« Back to Inbox    Archive    Report spam    Delete    Move to ▼    Labels ▼    More actions ▼          ‹ Newer 2 of 16 Older ›

**Inbox (11)**

**I sent you info**    Inbox | X

Starred ☆

● Eloise Hahn to dcmmtg          show details Feb 12 (2 days ago)    ↩ Reply  | ▼

Chats ⟨⟩

Hi Al:

Sent Mail

Send the remittasnce to Standard Bank. I mailed you detials. Upon receipt of all three remittances
I will send via Express Certified Mail the stock certifacate transferred to you. Thanks.

Drafts

↩ Reply    → Forward

All Mail

Dcmmtg@cs.com to me          show details Feb 12 (2 days ago)    ↩ Reply  | ▼

Spam

I was going to call you today to ask which account...I'll use the Standard Bank account.

Trash

Thanks

Contacts

T. Alan Minor
President
Commercial Services
Diversified Commercial Mortgage
11603 Hardwood Dr.
Midlothian VA 23114
(P) 804-423-6412
(C) 804-677-5923
(F) 509-463-8480

– Chat

Search, add, or invite

● Eloise Hahn
Set status here    ▼

↩ Reply    → Forward

⌄ Gustave Hahn-Pow...
blpearson
dcmmtg
Donald Trump
jlydon
jmurphy
lpearson

Options ▼   Add Contact

from  ● Eloise Hahn
       <eloisehahn149@gmail.com>
to     Dcmmtg@cs.com
date   Thu, Feb 12, 2009 at 8:43 AM
subject  Re: I sent you info
mailed-by  gmail.com

Great
- Show quoted text -

hide details Feb 12 (2 days ago)    ↩ Reply  | ▼

– Labels

Edit labels

↩ Reply    → Forward

– Invite a friend
Give Gmail to:

Send Invite  50 left

Preview Invite

« Back to Inbox    Archive  |  Report spam  |  Delete    Move to ▼    Labels ▼    More actions ▼          ‹ Newer 2 of 16 Older ›

📭 New window
🖨 Print all
⊟ Collapse all
⊞ Forward all

Would you like to...
📍 Map this
   11603 Hardwood Dr
   Midlothian, VA 23114

Sponsored Links

**Brookfield Bank**
We exceed all of your banking needs
Call today for more information!
Bank-of-Brookfield-IL.com

**China Bank Account**
Offshore bank account in
Shanghai Beijing Hong Kong
www.CIL-Online.com

**Checking Account Today**
Open 2nd chance checking & your
own Debit MasterCard, 100%
approved
www.NewBankAccount.Net

**Citibank NRI Account**
NRI Banking Services, NRE & NRO
Accounts from Citibank. Apply Now!
www.Citibank.co.in

About these links

Use Google Desktop to access your Gmail messages even when you're offline.

You are currently using 0 MB (0%) of your 7294 MB.

Last account activity: 1 day ago on this computer.  Details
Gmail view: standard | turn off chat | basic HTML  Learn more
©2009 Google - Terms - Privacy Policy - Gmail Blog - Join the Gmail team - Google Home



Use free POP access to download your messages to Outlook or devices that support POP.   Learn more

**You are currently using 1 MB (0%) of your 7307 MB.**

Last account activity: 3 days ago on this computer.  Details

Gmail view: standard | turn off chat | basic HTML  Learn more

©2009 Google - Terms - Privacy Policy - Gmail Blog - Join the Gmail team - Google Home